UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

JOHN DAVID BAKER,                    )
                                     )
        Petitioner,                  )        Civil Action No. 6: 07-40-DCR
                                     )
V.                                   )
                                     )
DONALD STINE, Warden,                )        **MEMORANDUM OPINION**
                                     )            **AND ORDER**
        Respondent.                  )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is pending for consideration of two post-judgment motions. Petitioner John David Baker's first motion seeks to have the Court vacate or amend its earlier decision against him. The Petitioner's second motion seeks to supplement the record with a case decided shortly after the Court entered judgment. While the Court will allow the supplementation requested by Baker, it will deny the motion to vacate or amend the judgment previously entered.

## BACKGROUND

Baker is proceeding *pro se* in this action filed pursuant to 28 U.S.C. § 2241. He seeks prior custody credit toward his federal sentence for two periods before he actually began service of his federal sentence. According to the Petitioner, the first period commenced on the date of his arrest (September 10, 1997) and alleged transfer into Florida custody (September 11, 1997) and continued until August 24, 2001. The second period allegedly began August 24, 2001, and continued until July 29, 2004. Baker asserts that on August 24, 2001, he was erroneously release

-1-

by the state rather than transferred to federal custody.  On July 29, 2004, he was taken into federal custody to begin service of a 235 month sentence.

After unsuccessfully seeking credit for these time periods from the Bureau of Prisons ("BOP"), Baker filed the present action.  The Warden responded on April 9, 2007, and the Petitioner was later granted permission to file a traverse.  In fact, Baker was granted two extensions of time for this filing, but his third request for an extension was denied.  Thus, the last deadline set by the Court for Baker's traverse was June 18, 2007.  Thereafter, the Court proceeded to address the merits of his petition.

By Memorandum Opinion and Order dated June 28, 2007, the Petitioner was denied habeas relief and a judgment was entered in favor of the Respondent.  On July 2, 2007, the Clerk of the Court received Petitioner's traverse and motion for an evidentiary hearing.[1]  Both the traverse and accompanying motion  bear a postal service stamp of June 28, 2007, as the date of mailing.  On July 6, 2007, the Court declined to address the past-due pleading and denied Baker's motion for an evidentiary hearing.

## CURRENT MOTIONS

On July 13, 2007, the Clerk received Baker's Motion to Vacate or Alter the Judgment. Through this motion, Baker insists that the Court erred by not considering his traverse as being timely filed under *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's pleading was "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").  Although the Petitioner's Motion is not verified, he claims that he handed his traverse

---

[1]       The traverse was dated June 18, 2007.  The motion for an evidentiary hearing is dated June 26, 2007.

to prison authorities for mailing on June 18, 2007 – the deadline set by the Court for its filing. Since Baker asserts that the traverse was timely under *Houston*, he asks for consideration of the document in an amended decision.  He also asks for an evidentiary hearing to establish the date of his delivering the traverse to prison personnel and prove its timeliness.

Baker also argues that there are factual errors in the Court's original decision.  He contends that the most significant error pertains to the date of his arrest.  Pointing to conflicting dates in the record, he suggests that the inconsistencies prove his contention that he was taken into custody by federal authorities on September 10, 1997 (thus making him in primary custody of federal authorities), and turned-over to state authorities the next day (September 11, 1997). He also claims that the Court erred in concluding that the United States Marshal's Service ("USMS") lodged a detainer with Florida authorities.  Further, he asserts that the Court was wrong in finding that the federal authorities made no error regarding the detainer and in failing to find that they had actual or constructive knowledge of his erroneous release.

Baker also alleges certain legal errors in the Court's prior decision.  Although the Court found that the Petitioner was not entitled to relief regardless of who had primary custody, Baker argues that the federal authorities' initial relinquishing of custody to Florida, and the USMS' later error regarding the detainer which caused his release, actually mean that he will have to spend 100.7 additional months in prison.

Next, Baker contends that he should also have been granted sentence credits for the time he spent at large.  He  relies on *Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996), in support of this assertion.  Additionally, he claims that the Court did not dispose of his due process claims and,

as a result, the Court should address these claims *via* an amendment.  Baker also argues it was error for the Court to deny his request for an evidentiary hearing.  The Petitioner's last motion asks the Court for leave to supplement his pleadings with citation to *Vega v. United States*, 493 F.3d 310 (3rd Cir. 2007).

<u>DISCUSSION</u>

<u>Motion to Supplement</u>

The Court will grant the Petitioner's motion to supplement the record.  However, the holding in *Vega, supra,* does not benefit Baker as he claims.  As in the present case, the Third Circuit in *Vega* was faced with a prisoner seeking credit for time in state custody and for time spent at large.  The court affirmed the decision of the district court to deny federal credit for the time in state custody and found no due process violation with respect to the two years the petitioner had spent at large.

The Third Circuit examined in detail the "rule of credit for time at liberty," reciting its history, including the Sixth Circuit's ruling in *United States v. Croft*, 450 F.2d 1094 (6th Cir. 1971).[2]  The court agreed with *Croft* and other cases holding that habeas relief is inappropriate when the imprisoning governmental unit's hands are entirely clean.  Further, the court rejected the Ninth Circuit's holding in *Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996).  More specifically, the Third Circuit disagreed with *Clark*'s holding that negligence on the part of *any* governmental entity would be sufficient to warrant relief, but embraced the Fifth Circuit's requirement that the *imprisoning* sovereign must be the one found to be negligent to warrant relief for the prisoner.

---

[2]     *Croft* was discussed in this Court's Memorandum Opinion and Order denying Baker the relief sought.

*Vega*, 493 F.3d at 320 (citing *Leggett v. Fleming*, 380 F.3d 232, 235-36 (5th Cir. 2004)). Ultimately, the Third Circuit adopted a burden-shifting structure for consideration of claims for credit for time spent at large and then remanded the case to the lower court for consideration of Vega's claim under the analysis it outlined.

The Third Circuit's holding in *Vega, supra,* does not stand for the proposition that Baker is entitled to be credited for time spent "at large", as that issue was left undecided. Moreover, the considerations set out in *Vega* have already been addressed by this Court in its original decision. Thus, the Third Circuit's decision does not alter this Court's prior opinion.

<u>Motion to Vacate or Amend</u>

A District Court may amend a prior judgment under Rule 59, Fed. R. Civ. Proc, to: (1) accommodate an intervening change in controlling laws; (2) account for new evidence not available previously; and (3) correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Thus, a motion under this rule must present newly discovered evidence or set out a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

Assuming, without deciding, that the Petitioner did put the traverse in the prison mail on its due date (June 18, 2007) despite its not having arrived at the Clerk's Office until 14 days later, the Court finds that consideration of its contents would not effect the outcome. As he does in the instant motion, the Petitioner points to the conflicting evidence regarding the date of his arrest as proving that there was a shift from federal custody on September 10, 1997, to state

custody on September 11, 1997.  Thus, he argues that he is entitled to federal credit from the earlier date.  Baker's affidavit (attached to the traverse) addresses the events occurring on each of these dates in 1997 and upon his erroneous release in 2001.

Baker argues that the initial transfer of custody to Brevard authorities "was to conceal the violation of Rule 5.  The second relinquishment was to cause the Petitioner to serve this sentences consecutively."  He points to factual issues concerning who had primary custody as being subject to more evidence, but offers none refuting the declaration and evidence offered by Declarant Hazelton.  Notwithstanding Baker's claims to the contrary, the Court remains of the opinion that the Respondent's evidence supports the Court's conclusions regarding both time periods.

Other than his citation to authorities contained in his original pleading, Baker cites *Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996), as being "analogous" to his claims against Warden Stine. However, the holding in *Clark* does not alter this Court's analysis regarding the merits of Baker's claims.   In *Clark*, as in the present case, there were two different time periods involved. And as here, the district court in *Clark* denied credit for the first period.  The Ninth Circuit affirmed, finding that there was no federal judicial intent for its consecutive sentences to begin running until the petitioner had finished the State's consecutive sentences and was surrendered to federal authorities for service of that sentence.  To this extent, this Court's decision is consistent with *Clark*.

However, this Court disagrees with respect to the second time interval urged by Baker and the petitioner in *Clark*.  After reviewing the authority in its circuit and considering the Sixth

Circuit's holding in *Croft*, 450 F.2d 1094 (6th Cir. 1971), the Ninth Circuit awarded Clark almost three years credit toward his federal sentence for time spent at large.  He had been erroneously released by the State at the end of serving his state sentence(s) in Montana facilities, rather than being transferred into federal custody for service of the federal sentence.  That court chose to follow its 1937 decision, *Smith v. Swope*, 91 F.2d 260, 261-62 (9th Cir. 1937).  This Court declines to follow suit.

As to any credits for the second time period (*i.e.*, when the would-be prisoner was at large, not having even begun his federal sentence), *Clark, supra,* is not controlling. Additionally, this Court does not find the argument persuasive.  This Court's view of this part of the holding in *Clark* court's is shared by the strong dissent regarding the award of federal sentence credits for the time spent at large:

> Montana did not first contact the marshal, nor did it honor the detainer.  It just released Clark.  Within three days of finding out where he was [almost 3 years later], the marshal did arrest him. . . .  I fail to see, and Clark does not explain, why the mere fact of his improper release by Montana state authorities means that he can avoid service of his sentence for federal crimes. . . .

*Clark*, 80 F.3d at 375 (Fernandez, J., dissenting).  In summary, this Court agrees with the majority holding in *Clark* regarding the first time period, but agrees with the dissent regarding the time spent at large.

The remainder of Baker's traverse merely repeats the citations presented in his original opinion, again arguing that he is entitled a waiver or application of equitable estoppel under *Shelton v. Ciccone*, 578 F.2d 1241 (8th Cir. 1978), and *Johnson v. Williford*, 682 F.2d 868 (9th Cir. 1982).  In addition to the fact that these cases are not controlling, they are not factually

-7-

similar to the present matter.  The Eighth Circuit found that there was an inference that although aware of Shelton's whereabouts, the Marshals purposely or out of extreme neglect did not attempt to execute the judgment and commitment papers for seven years.  The Ninth Circuit's award of equitable relief was based upon the government's making eight separate reviews of the Petitioner for parole over a period of years, its affirmative act in granting the Petitioner parole, and Johnson's detrimental reliance on the government's conduct, none of which are factors here.

In the present case, the Petitioner concludes his traverse by asking that the Court determine "[w]hether the facts of the Petitioner's case deserve consideration by the Bureau of Prisons under *Barden v. Keohane*."  However, under Article III, a federal court must limit its jurisdiction to ripe cases to avoid issuing advisory opinions based upon hypothetical situations.  *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995) (citing *Golden v. Swickler*, 394 U.S. 103, 108 (1969)).  Therefore, the Court would not have granted this request.  In fact, the Court addressed this matter in its June 28, 2007, Memorandum Opinion and Order, instructing the Petitioner that he first had to present the request to prison personnel, be denied, and exhaust the issue through the BOP administrative process, before this Court would address it.

In the current motion for reconsideration on the issue of the first time period in dispute, the Petitioner criticizes the Court's finding that he was primarily in State custody as well as the portion of this Court's decision finding that he is not entitled to these credits, regardless of who assumed primary custody of him.  The Court has not changed it position on either issue.  The Court continues to be of the opinion that the provisions of 18 U.S.C. § 3585(b), and the fact that

-8-

the Petitioner's state and federal terms of imprisonment were not concurrent, would not vary the total time he would serve.  If the federal authorities were Baker's primary custodian, he would simply have served the same time, but in a different order.

Further, even if the evidence were less clear that it was when the State which took Baker into its initial custody ten years ago (thus establishing primary custody), the Petitioner would not be entitled to concurrent service of his sentences.  The Petitioner's quote about happenstance taken from *Cozine v. Crabtree*, 15 F.Supp.2d 997 (D.Oregon 1998), loses its impact when the court explains that its grant of relief was "to ensure that defendants actually receive the benefit of their *concurrent* sentences."  *Id.* at 1004 (emphasis added).  Again, there are no concurrent sentences here.

Moreover, when faced with a petitioner's § 2241 claim that his federal sentence should have started to run before the State sentence to shorten the time of the federal sentence, another District Court distinguished the facts of its petitioner from the facts pertaining to Petitioner Cozine, and denied relief.  *Coccimiglio v. DeRosa*, 2006 WL 1897269 (D.Ariz. 2006). Additionally, in the Report and Recommendation adopted by the District Court in *Coccimiglo*, the origins and nature of primary custody were described, as follows:

> Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns.  Normally, the sovereign which firsts arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration.  However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign.

*Id*. at *4 (quoting from *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980)).  In other words, the entire primary custody doctrine is a right of governmental units, not the arrestees.

With his consecutive sentences and the agreement of the sovereigns in 1997 as to who had primary custody, the Petitioner in the present action fails to state a claim upon which this Court may grant relief.

With regard to the second time period (*i.e.*, the time spent at large), the Court is also not dissuaded from its earlier decision.  Like the dissent in *Clark*, this Court concludes that it is inappropriate to use equitable principles to grant a prisoner credits toward his federal sentence when there is no evidence that the USMS or other federal entities erred, the Petitioner admits to knowing that he had the federal sentence yet to serve on the day of his erroneous release, and his inquiry into the matter did not involve any of the entities familiar with his case, who/which were known to be in a different location.  Assuming the truthfulness of his contentions (*i.e.*, that he made inquiries about his release and began a successful rehabilitation), the Court would agree that these efforts are commendable, but they do not warrant release from service of his federal sentence.

In summary, the Court finds that Petitioner Baker has presented none of the situations warranting relief from the Judgment previously entered.  There has been no change in controlling law; no new evidence presented; nor is there a need to correct a clear error of law resulting in manifest injustice.  Therefore, the Court finds that there is no basis to vacate or amend its earlier decision denying the relief requested.

Accordingly, it is hereby **ORDERED** as follows:

(1)     Petitioner Baker's Motion to Vacate or Amend the Judgment [Record No. 27] is **DENIED**; and

   (2)  Petitioner Baker's Motion to Supplement the Record [Record No. 28] is

**GRANTED**.

   This 23rd day of January, 2008.



Signed By:

*Danny C. Reeves*

United States District Judge